DJS:sr

**NIGHT BOX FILED**

OCT 1 0 2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. __00-6270-CR-GRAHAM__ |
| ) | Magistrate Judge Turnoff |
| v. ) | |
| ) | |
| ROBY DUDLEY, et.al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is unaware of any written or recorded statements made by the defendant, except those attached to this response and incorporated herein by response, and those in the possession of the Federal Bureau of Investigation ("FBI"), which may be inspected by appointment with FBI Special Agent Colleen O'Neal (telephone number (305) 957-7406). Please note that there are estimated to be thousands of hours of recorded conversation between co-conspirators (including defendant Roby Dudley) and customers of Best Marketing, Inc. With the exception of a small number of recorded conversations made by cooperating individuals, these recordings were made by and under the direction of Edward Hexter, president of Best Marketing, by the use of a multi-track VHS audio recording system. Because of the multiple tracks and "close" recording space of the equipment used, there is considerable "bleed-over" of recorded conversations which can cause difficulty in listening to some conversations. The FBI has not




reviewed or copied all of the tape-recorded conversations; however, access to those conversations is provided by this notice. The tapes and related evidence maybe inspected at the office of the FBI, 16320 N.W. 2nd Avenue, North Miami Beach, Florida 33169, by appointment with Special Agent Colleen O'Neal, who may be contacted at (305) 957-7406 (8:00 to noon).

2. The substance of oral statements made by the defendant before arrest, to a person then known to the defendant to be a government agent, and which the government may use at trial, is memorialized in FBI reports attached to this response. See paragraph A.1., <u>supra.</u>

3. The defendant did not testify before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office, or are available at the FBI office in North Miami Beach.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant, are attached or may be inspected at a mutually convenient time at the Office of the Federal Bureau of Investigation, 16320 N.W. 2nd Avenue, North Miami Beach Fl 33021. Please call Special Agent Colleen O'Neal at (305) 957-7406 to set up a date and time that is convenient to both parties. A tentative date of October 20, 2000, 9:00 a.m., is being set as the discovery conference date at the FBI office. Please notify the undersigned at (561)466-0899 or Special Agent Colleen O'Neal at least 48 hours in advance if you will not be able to attend. Please note that there are approximately 96 boxes of seized evidence and multiple filing cabinets of business records available for inspection at the FBI.

   The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or

          scientific tests or experiments made in connection with this case.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). The information currently known to the united States is either attached to this response or is available at the FBI office, supra, by appointment with Special Agent Colleen O'Neal, who may be contacted at (305) 957-7406.

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). Such information currently known to the united States is attached to this response or is available at the FBI office, supra, by appointment with Special Agent Colleen O'Neal, who may be contacted at 9305) 957-7406. The United States has offered limited use immunity letters to Ruth Geier, Sandy Salzman (see attached format), Mark Goldberg, and Edward Hexter.

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. Felony conviction information (or misdemeanor conviction dealing with truth or honest) currently known to the undersigned are attached.

F.    There were no lineup, show up, photo spread or similar identification proceedings in this case.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

3

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents or others which may be provided at a later date.

I. N/A

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. N/A

L. The United States does not have in its possession any vehicle used in the commission of this offense.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant(s).

N. N/A

O. N/A

P. N/A

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate

time, date, and place of the offense was:

> Time: At all times on the dates indicated
>
> Date: 04/01/91 thru on or about 7/17/00, as to count 1; as to counts 2-10, the specific dates alleged in the indictment
>
> Place: Broward County, Southern District of Florida

The attachments to this response are numbered pages 1-<u>819.</u> Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
DEBRA J. STUART
Assistant United States Attorney
Court No. 5500061
500 E. Broward Blvd., 7th Flr
Ft. Lauderdale, Fl 33394
Tel: (954) 356-7255, ext.3597
Fax: (954) 356-7336
(Contact # thru 10/9/00: (561) 466-0899)

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand delivered on this 11th day of October, 2000 to: Patrick Hunt, AFPD, 101 N.E. 3rd Avenue, 2nd flr, Ft. Lauderdale, Fl 33301.

_____
DEBRA J STUART
Assistant United States Attorney